# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREAT AMERICAN ASSURANCE COMPANY, | ) ) ) | 2:06-cv-01053-RCJ-GWF |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| TAP ARCHITECTURE, LONGFORD AT TURNBERRY, LLC, LONGFORD GROUP, INC., LONGFORD HOMES OF OKLAHOMA, INC., and DOES 1 through 50, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## INTRODUCTION

This matter comes before the Court on Plaintiff Great American Assurance Co. ("Great American") and Defendants TAP Architecture ("TAP"), Longford at Turnberry, Longford Group, Inc., and Longford Homes of Oklahoma's Motions for Summary Judgment. (#31, #62, #64). The Court has considered Plaintiff and Defendants' Motions and the pleadings on file on behalf of all parties. IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is *granted* (#31) and Defendants' Motions for Summary Judgment are *denied*. (#62 and #64).

## BACKGROUND

Great American, as insurer of Defendant TAP Architecture, filed a declaratory judgment action to obtain a declaration that it is not obligated to pay a default judgment entered against

Defendant TAP by Longford. Defendants' Motion for Summary Judgment seeks a declaration from the Court that the Great American is liable under the policy issued to TAP.

Great American issued three professional liability insurance policies to TAP. These policies were generally designed to afford TAP with liability coverage in the event that it was sued for malpractice. After the policies were issued, TAP was sued by Longford at Turnberry for negligence. Default judgment was entered against TAP in excess of $200,000. Both TAP and Longford seek payment under the policy issue by Great American.

### 1. Formation of TAP Architecture.

Prior to the formation of TAP, John Murtagh acted as the President for Longford Group, Inc., Longford Homes of Oklahoma, and as the Manager for Longford at Turnberry. Each of the Longford entities were principally owned by Mr. Murtagh. In June or July of 2000, Mr. Murtagh, to further spread out his potential business risks and liabilities, formed a separate entity to perform architectural services for various Longford companies. On July 26, 2000, TAP Architecture was incorporated in the State of Nevada. Mr. Murtagh acted as TAP's President, Secretary, and Treasurer; Thierry Paret owned 70% of TAP and Longford Group, Inc. owned the remaining 30%. Upon its formation, TAP sought liability insurance. Mr. Paret obtained insurance from Great American and he never requested that the policies ultimately obtained would provide coverage for TAP Architecture against claims brought by any of the Longford entities.

### 2. *Longford v. TAP Architecture.*

In approximately 2001, Longford at Turnberry LLC, an entity related to the Longford Group, began development of a residential project in Oklahoma known as Longford Homes at Turnberry. Longford retained TAP to layout and plot each house in the development. After completion of the project, Longford discovered that TAP failed to plot all of the lots correctly. At least three of the

houses were laid out and plotted in such a way that they were built over sewer easements. As a result of TAP's negligence, Longford at Turnberry vacated the easements upon which the homes were located, resulting in an additional cost of approximately $215,997.87 to correct TAP's mistake.

Upon filing suit against TAP, TAP tendered a claim to Great American. However, after reviewing the file, Great American declined coverage based upon Exclusion 8 in the insurance policy, which states:

**EXCLUSIONS–WHAT YOUR POLICY DOES NOT COVER**

8. WE will not cover YOU for any liability that arises out of a CLAIM against YOU by:
   a. An organization that is or was either wholly or in part owned, managed or controlled by YOU.
   b. An organization that either wholly or in part does or did own, manage or control YOU, or
   c. Any officer, director, partner, proprietor, or employee of such organization described in a. or b. above.

Great American declined coverage under Exclusion 8 because of the relationship between TAP and Longford. Specifically, Longford at Turnberry, Longford Group, and TAP were controlled, at least in part, by the same person: John Murtagh. Mr. Murtagh was the President and Treasurer of Longford Homes of Oklahoma from March 2, 2000, through April 13, 2004. Mr. Murtagh was the Director and President of Longford Group, Inc. from November 24, 1999, through the present. Mr. Murtagh was the Manager of Longford at Turnberry LLC from June 11, 2000, through May 27, 2005. Lastly, Mr. Murtagh was the President, Secretary and Treasurer of TAP from July 26, 2000, through September 20, 2004. Based upon this information, Great American determined that Exclusion 8 applied because TAP was being sued by a company in part controlled by Mr. Murtagh. In declining coverage, TAP explained that the relationship between TAP, the Longford entities, and Mr. Murtagh was " just the sort of relationship for which Exclusion 8 was drafted." (#62, Exhibit 17).

**III.    SUMMARY JUDGMENT.**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©.  The purpose behind summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the Court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate.  *Warren v. Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  An action for declaratory relief seeking the interpretation of an insurance policy generally presents a question of law that may be determined on a motion for summary judgment.  *Insurance Corp. of America v. Rubin*, 107 Nev. 610, 612 (1991).

There are no genuine issues of material fact before the Court.  The parties do not dispute the relevant facts–Mr. Murtagh's relationships with TAP and Longford.  Therefore, the only dispute involves a question of law: what is the legal effect of Exclusion 8 in the Great American policy?

**A.    Interpretation of Exclusion 8.**

The interpretation of an insurance contract is a question of law.  *Grand Hotel Gift Shop v. Granite State Ins. Co.,* 108 Nev. 811, 839 (1992).  The insurance contract will be  "construed as written absent any ambiguity."  *Farmers Ins. Exch. v. Neal*, 108 Nev. 328, 332 (Nev. 2003).  A policy is ambiguous "if and only if it is susceptible to more than one *reasonable* interpretation; otherwise it is not ambiguous."  *Montana Refining Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 918 F.Supp. 1395, 1397-98 (D. Nev. 1996).  An unambiguous policy will be given its plain meaning.  *Farmers Ins. Exch.*, 108 Nev. at 334 n. 3.

. . .

1    General liability insurance is intended to protect an insured corporation (and its officers and
2 directors) against corporate liability to third parties. *Lomes v. Hartford Financial Services Group,*
3 *Inc.*, 88 Cal.App.4th 127, 133 (2001). The exclusion at issue in the Great American policy reads as
4 follows:

5 **EXCLUSIONS–WHAT YOUR POLICY DOES NOT COVER**

6 8.   WE will not cover YOU for any liability that arises out of a CLAIM against YOU by:
   a.   An organization that is or was either wholly or in part owned, managed or controlled
7        by YOU.
   b.   An organization that either wholly or in part does or did own, manage or control
8        YOU, or
   c.   Any officer, director, partner, proprietor, or employee of such organization described
9        in a. or b. above.

10   The following definitions apply to this Exclusion:

11   YOU is defined as the "POLICYHOLDER named in the Declarations and all other
12 INSUREDS covered by this policy." (Compl., Exhibit A). POLICY HOLDER means "[t]he person
13 or organization designated in the Declarations." *Id.* The Policy defines "INSURED" as "[a]ny
14 individual, or any officer, director, partners or employee of the Partnership, Joint Venture or
15 Corporation designated as the POLICYHOLDER, but only while that person acted within the scope
16 of his or her duties for the POLICYHOLDER." *Id.*

17   Based upon the policy's language, TAP and Longford agree that in order for Section (a) of
18 Exclusion 8 to apply, Longford and Turnberry had to be owned, managed or controlled by TAP or
19 an officer, director, partner, or employee of TAP while said officer, director, partner or employee
20 was acting in the course and scope of his or her duties for TAP. Defendants contend that exclusion
21 8 does not apply because Mr. Murtagh does not come within the definition of "INSURED."
22 Defendants contend that Mr. Murtagh does not come within the definition of "INSURED" because
23 he was not acting within the course and scope of his employment as an officer for TAP when he
24 caused Longford at Turnberry to assert its claim against TAP.

1  However, Defendants' argument is flawed and incorrectly reads the plain and reasonable
2 interpretation of the insurance policy. To properly determine whether Mr. Murtagh's relationship
3 with Longford invokes Exclusion 8, the Court must determine whether Mr. Murtagh fits within the
4 policy's definition of "YOU." As defined by the policy "YOU" has two meanings. First, "YOU"
5 includes the Policyholder, which is TAP. Second, "YOU includes all other INSUREDS covered by
6 the Policy." While Mr. Murtagh does not fit within the first definition of YOU, he does fit within
7 the second definition as an insured covered by the policy..

8  An "INSURED," as defined by the policy, is an officer or director of TAP, but only while
9 that person acted within the scope of his or her duties for the policyholder. Defendants repeatedly
10 argue that Mr. Murtagh is not an INSURED because he was not acting within the course and scope
11 of his employment when he "caused Longford at Turnberry to assert its claim against TAP." (#58
12 at 10; #88 at 4). This analysis is flawed. The proper analysis is to focus on whether Mr. Murtagh
13 was acting within the course and scope of his employment when Longford's claim against TAP
14 arose. So long as Mr. Murtagh was acting within the course and scope of his duties, and the claim
15 against TAP arose from those duties, Mr. Murtagh is considered an INSURED under the policy. *See*
16 *Harrison v. Ohio Cas. Ins. Co., Inc.*, 199 F.Supp.2d 518 (S.D. Miss. 2000) (although defendants
17 were officers of the corporate insured, they did not qualify as insureds because the wrongdoing did
18 not "relate to their duties" as officers).

19  As the declarations filed by the parties reveal, TAP consisted of two principals–John Murtagh
20 and Thierry Paret. And at all times Mr. Paret reported to Mr. Murtagh during his tenure with TAP.
21 In March 2001, TAP entered into a contract with Longford to create lot plans. Thus, Mr. Murtagh,
22 as President of TAP to whom all other principals reported, was acting within the scope of his duties
23 for TAP when he entered into the contract with Longford–from which the claims against TAP arose.
24 Since TAP's wrongdoing–negligently plotting the land–relates to Mr. Murtagh's duty as the

1   president of the company, Mr. Murtagh comes under the definition of INSURED in the Great
2   American Policy.
3       At the same time Mr. Murtagh, as president of TAP, entered into the contract with Longford,
4   he was also either the President or Manager of Longford entities, which he owned. Thus, Mr.
5   Murtagh's relationship with TAP and Longford invoke Exclusion 8. As Defendants stated in their
6   oppositions, For Section (a) of Exclusion 8 to apply, Longford and Turnberry had to be owned,
7   managed, or controlled by TAP or an officer, director, partner, or employee of TAP while said
8   officer, director, partner or employee was acting in the course and scope of his or her duties for TAP.
9   Longford and Turnberry were managed and controlled by Mr. Murtagh (an employee of TAP) when
10  TAP entered into its contract with Longford.
11      TAP took out an insurance policy to protect itself and its directors and officers from
12  corporate liability. Mr. Murtagh comes within the definition of "YOU." Therefore, according to
13  Exclusion 8, Great American will not cover TAP for any liability that arises out of a claim against
14  TAP by an organization that is or was either wholly or in part owned, managed or controlled by Mr.
15  Murtagh. As is evident, Longford is partly controlled by Mr. Murtagh, therefore, Great American
16  has no coverage obligation.
17  . . .
18  . . .

IV.     **CONCLUSION.**

IT IS HEREBY ORDERED that Plaintiff Great American Assurance Co.'s Motion for Summary Judgment is *granted*. (#31). The insurance policy is unambiguous and according to its plain language Exclusion 8 applies.

IT IS FURTHER ORDERED that Defendants' Motions for Summary Judgment are *denied* (#62 and #64).

DATED:      February 19, 2008

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT JUDGE

(jb)